UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-61523-JB/REID

SMART CITY CAPITAL, LLC,

      Plaintiff,

v.

DIGITAL INFRASTRUCTURE GROUP, INC*., et al.,*

      Defendants.

_____/

## REPORT AND RECOMMENDATION DENYING
## DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendants' Joint Motion to Dismiss Plaintiff Smart City's Amended Complaint. [ECF Nos. 99, 82]. The Honorable Jacqueline Becerra referred this motion to the Undersigned for a Report and Recommendation. [ECF No. 121 ¶ 1]. For the reasons stated below, it is **RECOMMENDED** that Defendants' Joint Motion to Dismiss, [ECF No. 99], be **DENIED**.

## I. BACKGROUND

Smart City Capital, LLC ("Smart City") is a limited liability company with its headquarters and principal place of business in Broward County, Florida. [ECF No. 82 ¶ 4]. Smart City and its sole member, Oscar Bode, assist municipalities by "developing, financing, and implementing smart infrastructure projects structured as public private partnerships, as well as comprehensive privately funded infrastructure projects that utilize prolific technology solution and integration." [*Id.* ¶¶ 4, 15]. This lawsuit originated in state court where Smart City filed an eleven-count complaint, which Defendants removed to this Court. *See generally* [ECF No. 1].

Smart City amended its Complaint and now brings nine claims against Rahul Bhardwaj, James M. Sanford, their companies Digital Infrastructure Group, Inc. and Digital Infrastructure Capital Group, LLC, Michael Bidwell, Sag Harbor Advisor, Inc., OnLightL3C, LLC d/b/a/ OnLight Aurora, and Michael Pegues. [ECF No. 82 at 1]. Smart City accuses each Defendant of stealing its confidential, proprietary business information and solution methodology. *See* [*id.* ¶¶ 2, 52, 57, 70, 81, 89]. As a result, Smart City seeks damages in excess of $150,000, excluding interest, costs, and attorney's fees, and a permanent injunction to "prevent the continuing unauthorized use and disclosure of its trade secrets." [*Id.* ¶¶ 3, 104].

While Smart City is incorporated in both Delaware and Florida, Smart City claims this lawsuit concerns only its Florida entity. [*Id.* ¶ 4]. According to Smart City, the Florida entity retained and paid some of the Defendants as independent contractors; it collaborated with other Defendants in Miami, Florida, and conducted its operations and banking in Florida. [*Id.*]. Therefore, it contends the court has personal jurisdiction over the Defendants by virtue of Florida's Long-Arm Statute, Fla. Stat. § 48.193(1)(a). [*Id.* ¶ 13].[1]

Defendants' have moved to dismiss Plaintiff's Amended Complaint arguing, *inter alia*, lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See generally* [ECF No. 99]. Defendants also moved to stay all discovery in the case pending resolution of their motion to dismiss and declined to respond to Plaintiff's discovery requests. [ECF No. 103]. Smart City opposes the Defendants' motion to stay discovery and instead has requested that it be permitted to conduct limited jurisdictional discovery. [ECF No. 104].

---

[1] *See also* [*id.* ¶¶ 3–12] (establishing diversity of citizenship subject matter jurisdiction).

## II. DISCUSSION

The Undersigned held a hearing on the parties' motions, [ECF Nos. 122, 123, 125] and, for the reasons stated in that Order, granted Smart City's Motion for Leave to Serve Limited Jurisdictional Discovery on Defendants and granted, in part, Defendants' Motion to Stay Discovery, with the exception of jurisdictional-based discovery. [ECF No. 126]; *see also Blackmon v. Carnival Corp.*, 13-20837-CIV, 2014 WL 12579758, at \*2 (S.D. Fla. June 9, 2014) ("[J]urisdictional discovery before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction" is "highly favorable" in the Eleventh Circuit.) (internal citation and quotation marks omitted).

During the hearing, the Court heard the Defendants' objections to Smart City's requested discovery and ruled on those objections and established a schedule for the limited jurisdictional discovery and a briefing schedule for Defendants to renew their motion to dismiss, if they so choose. Therefore, the Undersigned respectfully recommends denying Defendants' pending Motion to Dismiss at this juncture, without prejudice, to allow the limited jurisdictional discovery to proceed and to permit Defendants to renew the motion according to the established briefing schedule, if they so choose.

## III. CONCLUSION

The Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss Smart City's Amended Complaint, [ECF No. 99] be **DENIED** without prejudice.

Objections to this Report may be filed with the District Judge within seven (7) days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d

1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

      **SIGNED** this 7th day of June, 2024 in Miami, Florida.

                        LISETTE M. REID
                        UNITED STATES MAGISTRATE JUDGE


cc:     **U.S. District Court Judge Jacqueline Becerra;**
         **All Counsel of Record**