UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-61523-JB/REID

SMART CITY CAPITAL, LLC,

     Plaintiff,

v.

DIGITAL INFRASTRUCTURE GROUP, INC*., et al.,*

     Defendants.

                             /

## DISCOVERY ORDER

This matter is before the Court on Plaintiff Smart City Capital, LLC's Unopposed Motion for Extension of Time to Extend its Deadline to Serve its Expert Disclosures [ECF No. 112]; Defendants' Motion to Stay Discovery Pending the Resolution of Defendants' Joint Motion to Dismiss [ECF No. 103]; and Plaintiff's Motion for Leave to Serve Limited Jurisdictional Discovery [ECF No. 104]. The Honorable Jacqueline Becerra referred Defendants' Motion to Stay Discovery and Plaintiff's Motion for Leave to Serve Limited Jurisdictional Discovery to the Undersigned. [ECF No. 121 ¶¶ 2, 3].

### I. BACKGROUND

Smart City Capital, LLC ("Smart City") is a limited liability company with its headquarters and principal place of business in Broward County, Florida. [ECF No. 82 ¶ 4]. Smart City and its sole member, Oscar Bode, assist municipalities by "developing, financing, and implementing smart infrastructure projects structured as public private partnerships, as well as comprehensive privately funded infrastructure projects that utilize prolific technology solution and integration."

1

[*Id.* ¶¶ 4, 15]. This lawsuit originated in state court where Smart City filed an eleven-count complaint, which Defendants removed to this Court. *See generally* [ECF No. 1].

Smart City amended its Complaint and now brings nine claims against Rahul Bhardwaj, James M. Sanford, their companies Digital Infrastructure Group, Inc. and Digital Infrastructure Capital Group, LLC, Michael Bidwell, Sag Harbor Advisor, Inc., OnLightL3C, LLC d/b/a/ OnLight Aurora, and Michael Pegues. [ECF No. 82 at 1]. Smart City accuses each Defendant of stealing its confidential, proprietary business information and solution methodology and poaching its clients. *See* [*id.* ¶¶ 2, 52, 57, 70, 81, 89]. As a result, Smart City seeks damages in excess of $150,000, excluding interest, costs, and attorney's fees, and a permanent injunction to "prevent the continuing unauthorized use and disclosure of its trade secrets." [*Id.* ¶¶ 3, 104].

While Smart City incorporated in both Delaware and Florida, Smart City claims this lawsuit concerns only its Florida entity. [*Id.* ¶ 4]. The Florida entity retained and paid some of the Defendants; it collaborated with other Defendants in Miami, Florida, and conducted its operations and banking in Florida. [*Id.*]. Therefore, it contends this Court has personal jurisdiction over the Defendants under Florida's Long-Arm Statute, Fla. Stat. § 48.193(1)(a). [*Id.* ¶ 13].[1]

Defendants have filed a Motion to Dismiss, arguing, *inter alia*, lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See generally* [ECF No. 99]. Defendants then moved to stay discovery pending resolution of the motion to dismiss and declined to respond to Plaintiff's discovery requests. [ECF No. 103]. Smart City opposes Defendants' motion to stay discovery and has requested that it be permitted to conduct limited jurisdictional discovery. [ECF No. 104]. Defendants have denied any contacts relating to Florida in their Motion to Dismiss and attached declarations by some of the Defendants, but Smart City claims "the overwhelming

---

[1] *See also* [*id.* ¶¶ 3–12] (establishing diversity of citizenship subject matter jurisdiction).

majority of Defendants' Declarations contains legal conclusions rather than specifically addressing — much less rebutting — the facts alleged in the Amended Complaint." [*Id.* at 3]. Rather than request merits-based discovery, Smart City limited its request to jurisdictional questions, which it claims will not unduly prejudice Defendants. [*Id.* at 3] (citing *S.A.S.B. Corp. v. Concordia Pharms., Inc.*, No. 16-14108, 2016 WL 10953760, at *2 (S.D. Fla. Aug. 26, 2016)). It included in its Motion proposed interrogatories, each with fewer than ten questions, and requests to produce certain documents concerning meetings, calls, and emails between the litigants. [ECF No. 104-1]. They have not requested to depose Defendants at this time. [ECF No. 104 at 7].

## II. DISCUSSION

Smart City correctly notes that permitting limited jurisdictional discovery following a pending motion to dismiss for lack of personal jurisdiction is a time-honored practice in this circuit. [ECF No. 104 at 2] (collecting cases). *Blackmon v. Carnival Corp.*, 13-20837-CIV, 2014 WL 12579758, at *2 (S.D. Fla. June 9, 2014) (collecting cases). District courts "enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (internal citation omitted). A plaintiff carries the burden of proving personal jurisdiction, but a district court judge, in turn, gives the plaintiff an "opportunity to discover facts that would support his allegations of jurisdiction." *Id.* (quoting *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984)); *see also Skidmore v. Syntex Labs., Inc.*, 529 F.2d 1244, 1248–49 (5th Cir. 1976) (despite defendants answering *184* interrogatories, "the district court acted too drastically in entering its order of dismissal without giving plaintiff a further opportunity for discovery.").

And this makes sense—"if the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation[,]" then the remedy should be

jurisdictional discovery. *Sizemore v. Zhao*, 686 F. Supp. 3d 1262, 1265 (S.D. Fla. 2023); *accord Burri Law PA v. Skurla*, 35 F.4th 1207, 1218 (9th Cir. 2022) (internal citation and quotation marks removed). Outside the context of a plaintiff stonewalling discovery, *see Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 878 (11th Cir. 2018), "[t]he decision to allow jurisdictional discovery is very much a product of the timing and nature of any jurisdictional discovery request." *Micro Fin. Advisors, Inc. v. Coloumb*, 1:21-CV-22303-JLK, 2022 WL 5359221, at *1 (S.D. Fla. Oct. 6, 2022) (quoting *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1146 (S.D. Fla. 2007)).

Jurisdictional discovery will also go to the heart of Smart City's tortious interference claim. "[U]nder Florida law, a nonresident defendant commits a tortious act within Florida when he commits an act outside the state that causes injury within Florida." [*Id.* at 6] (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1353 (11th Cir. 2013)) (emphasis deleted) (internal citation and quotation marks omitted). Because jurisdiction and the alleged torts are intertwined, Smart City has a "qualified right to jurisdictional discovery.'" [*Id.*] (quoting *Pearson v. Deutsche Bank AG*, No. 21-CV-22437, 2022 WL 19296805, at *3 (S.D. Fla. Feb. 23, 2022)).

The Court finds there is a justification for limited jurisdictional discovery. Certainly, "[a] plaintiff is not required to rely exclusively on a defendant's affidavit for resolution of a jurisdictional issue." *Ash v. Royal Caribbean Cruises Ltd.*, 13-20619-CIV, 2013 WL 12122147, at *1 (S.D. Fla. June 11, 2013) (quoting *Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980). The discovery would not unduly burden Defendants as it does not include depositions and is appropriately narrow to obtain the necessary evidence. *See* [ECF No. 104 at 7].

With regard to the specific Interrogatories and Requests for Production of Documents, Plaintiff propounded, the Court heard Defendants' objections at the discovery hearing held on June

4

5, 2024, ruled on the Objections, and set the following schedule: (1) Smart City shall have seven days from the hearing to revise and submit to Defendants its Interrogatories and Request for Production in accordance with the ruling on the record; and (2) Defendants shall have no more thirty days to respond to Plaintiff's discovery requests.

If Defendants still contend that this Court lacks jurisdiction, Defendants shall have 20 days thereafter to file an amended motion to dismiss and Plaintiff may then file a timely response within 10 days.

Defendants' Motion to Stay Discovery [ECF No. 103].

With the exception of the limited discovery discussed herein, the Court grants Defendants' Motion to Stay Discovery Pending the Resolution of Defendants' Joint Motion to Dismiss.

Plaintiff's Motion for Extension of Time to Extend Expert Disclosures Deadline [ECF No. 112].

Smart City's expert disclosures were due on March 8, 2024 [ECF No. 112]. Because only limited discovery is permitted at this time, the Court will also grant Plaintiff's unopposed Motion for Extension of Time to Extend Expert Disclosures Deadline. An amended scheduling order will be issued in this case.

### III. CONCLUSION

Plaintiff's Motion for Leave to Serve Limited Jurisdictional Discovery, [ECF No. 104], is **GRANTED**. Plaintiff's Unopposed Motion for Extension of Time to Extend its Deadline to Serve its Expert Disclosures, [ECF No. 112], is also **GRANTED.** Defendants' Joint Motion to Stay Discovery Pending the Resolution of Defendants' Joint Motion to Dismiss, [ECF No. 103], is **GRANTED, in part**, with the exception of jurisdictional discovery which shall proceed as ordered.

**DONE AND ORDERED** at Miami, Florida this 7th day of June, 2024.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:    **U.S. District Court Judge Jacqueline Becerra; and
All Counsel of Record**